UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARKOS PAPPAS,

            Plaintiff,

v.

FEDERAL BUREAU OF PRISONS *et al.*,

            Defendants.

Civil Action No. 15-880 (JMC)

**MEMORANDUM OPINION**

This Court **DISMISSES** this case because of Plaintiff's failure to prosecute it and **DENIES** as moot Defendants' Motion to Dismiss. ECF 37.

On December 21, 2021, the Court issued an Order vacating a previously scheduled status conference because Federal Bureau of Prisons' records reflected that Plaintiff, appearing pro se and in forma pauperis, was no longer in federal custody. The Court located Plaintiff's new address on its own, mailed Plaintiff a copy of the Order vacating the conference to the new address, and directed him to file a formal notice of change of address to proceed with this action as required by Local Civil Rules 5.1(c) and 11.1 by January 11, 2021. Plaintiff never filed a notice of a change of address with the Court. The Court then entered an Order on February 7, 2022, directing Plaintiff to file a notice of his intention to continue litigating this action by March 7, 2022, or risk dismissal for want of prosecution. A copy of the Order was mailed to Plaintiff that same day, but the Court has not heard back from him.

District courts "have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order." *Peterson v. Archstone Cmtys. LLC*, 637 F.3d

416, 418 (D.C. Cir. 2011); *see also* LCvR 83.23 ("A dismissal for failure to prosecute may be ordered by the Court . . . upon the Court's own motion."). Here, Plaintiff has failed to prosecute this case by failing to respond to the Court's Orders.

Because Plaintiff has failed to prosecute this case, the Court orders that this action be **DISMISSED**. Defendants' Motion to Dismiss, ECF 37, is **DENIED** as moot. An Order is issued separately.

**SO ORDERED**.

DATE: April 13, 2022

_____
Jia M. Cobb
U.S. District Court Judge